IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Richard Kenny Reese,

                            Plaintiff,

v.

Company Wrench, Ltd. LLC,

                            Defendant(s).

C/A. No.: <u>3:25-cv-04161-JFA-SVH</u>

**COMPLAINT**
(**JURY TRIAL DEMANDED**)

## NATURE OF THE CASE

This is an action under the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 ("ADA") against Defendant Company Wrench, Ltd. LLC. Plaintiff seeks to correct Company Wrench's unlawful employment practices on the basis of disability and to obtain proper relief, as he was adversely affected by such practices. This is also an action for wrongful termination based on Defendant improper and retaliatory application of employment policies. As stated with greater particularity below, Plaintiff alleges that Company Wrench engaged in unlawful conduct when it was aware of Plaintiff's actual disability and failed to accommodate Plaintiff and discharged him because of his actual disability or in retaliation for his request that he be provided with reasonable accommodations for his disability.

## JURISDICTION AND VENUE

1.      This action is brought pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 as amended in 2008, 42 U.S.C. § 12117(a), and the common law of South Carolina.

2.      Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, which gives the federal courts jurisdiction over any action authorized by law to be

commenced by any person to recover damages under any Act of Congress enacted for the protection of civil rights.

3.　　Venue lies within the Columbia Division pursuant to 28 U.S.C. § 1391, because the Defendant operates a for-profit business in this judicial division and all the circumstances giving rise to this action occurred in Lexington County, within the Columbia Division.

4.　　Plaintiff, Richard Kenny Reese (hereinafter, "Plaintiff" or "Mr. Reese") timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") on January 27, 2025.

5.　　On or around February 19, 2024, Plaintiff received his right to suit letter from the U.S. Equal Employment Opportunity Commission (EEOC) for his ADA Discrimination and retaliation complaint bearing Charge No. 436-2025-00967.  This action is timely.

6.　　Plaintiff demands a trial by jury on all claims brought herein.

## PARTIES

7.　　Plaintiff is a citizen and resident of Lexington County, state of South Carolina.

8.　　At all times relevant hereto and until his termination on June 24, 2024, Mr. Reese was employed by Defendant Company Wrench Ltd. LLC, which, upon information and belief, is a duly organized Ohio corporation, registered to do business in South Carolina where it also operates a branch and conducts business in Lexington, South Carolina.

## FACTUAL ALLEGATIONS

9.　　Plaintiff began working for Defendant on July 5, 2022, and was employed as the Assistant Service Manager of Defendant Lexington South Carolina location.

10.　　Plaintiff has been diagnosed with anxiety disorder for over 10 years.

11.     At the time Plaintiff was hired, Defendant presented him with Form CC-305, "Voluntary Self-Identification of Disability", which provided a list of disabilities for Plaintiff to choose from if he identified as having a disability.

12.     Although Plaintiff completed the form indicating that he did not have a disability, Plaintiff was under the reasonable impression that Defendant did not recognize [1]anxiety disorder as a disability as the provided form failed to offer anxiety disorder as a selection.

13.     Plaintiff position, Assistant Service Manager, required him to host weekly safety meetings, coordinate daily schedules for shop and field technicians and interact daily with multiple customers both at the shop and at worksite locations, amongst other things.  Due to the supervisory nature of Plaintiff's position, he was often required to work extra hours after his normal work shift in order to fulfill these required job duties.

14.     On several occasions Plaintiff complained to Defendant's employees and/or agents, Gibbons Stuckey and Creig Benson, about the added stress related to his work duties and the increase in his anxiety disorder.

15.     Defendant's employees and/or agents were well aware of Plaintiff's anxiety disorder disability, as well as the medication he took daily to cope with the effects of his disability.

16.     On multiple occasions Stuckey and Benson, after observing Plaintiff's job performance being substantially affected by his disability, asked Plaintiff if he was on his medication or if he had run out of his medication.

17.     As a result of the increased stress and anxiety from job related stress, in May of 2023, Plaintiff's doctor increased his medication dosage from 25mg daily to 100mg daily.

---

[1] In addition to failing to list anxiety disorder as a disability, Defendant's Form CC-305 also had an expiration date of 1/31/2020, despite being presented to Plaintiff on or around June 8, 2022, more than two years after it expired.

18.     Although Plaintiff's medication was increased, Plaintiff still struggled with the stress from work increasing his anxiety.

19.     On January 30, 2024, Plaintiff sent an email to Defendant regarding the effect that the increase stress has caused on his anxiety disorder and also requested additional leave time to cope with the stress and decompress, and/or in the alternative, requested a reduction in his work duties in order to reduce some of his job-related stress.

20.     Although Plaintiff's requests for additional leave and/or reductions to his job duties are considered reasonable accommodations under the ADA, Defendant ignored Plaintiff's January 30th requests, including Plaintiff's request to discuss the matter and find a beneficial solution for both parties.

21.     On June 5, 2024, after Defendant refused to address Plaintiff's concerns regarding workplace stress and his request for reasonable accommodations, Plaintiff sent a subsequent message to Defendant's agents and/or employees notifying them of additional work-related issues that were causing his anxiety disorder to become increasingly more difficult for him daily.

22.     After notifying the Defendant of the additional complaints regarding work-related issues, Plaintiff took his annual beach vacation from June 8th through June 15th, 2024, which had been scheduled for several months.

23.     In an act of clear retaliation for complaining of work-related issues, Plaintiff was notified that he had been selected for a "random drug screening" on the same day he returned from vacation, June 17, 2024.

24.     On June 24, 2024, Plaintiff was notified that the results of the retaliatory drug test indicated that he tested positive for THC.

25. After being notified of the results of the retaliatory drug test, Defendant's agents and/or employees informed Plaintiff that his positive test violated Defendant's "Drug Free Workplace Policy" that was effective from January 2, 2007.

26. Plaintiff protested the results of the test and provided documentation showing that he used CBD/Delta 9 products to supplement his anxiety disorder medication because the added stress from work was diminishing the effectiveness of his medication. Plaintiff's direct supervisors, Stuckey and Gibbons, were also fully aware of Plaintiff's use of CBD/Delta 9 supplements to reduce his anxiety.

27. Plaintiff also declined to enter into Defendant's "Last-chance/Re-Entry Agreement" as it would have required to Plaintiff to agree to violating the Defendant's policy and complete a drug treatment program, which Plaintiff's maintains he did not violate.

28. Defendant policy, prohibits the use of "illegal drugs" and has the stated purpose of maintaining an "alcohol and drug-free environment."

29. Despite Plaintiff never using illegal drugs, never being under the influence of any substance at work, Defendant never expressing concern of Plaintiff's job performance being affected by suspected drug use, and Plaintiff providing "appropriate documentation" to establish the legitimacy of substance found in his test, Defendant still terminated Plaintiff's employment based off violation of the Drug Free Workplace Policy.

30. Following Plaintiff's termination from employment with Company Wrench, Plaintiff challenged the legitimacy of whether or not the drug test was random, or if Plaintiff was targeted as a result of his multiple complaints regarding work-related stress and his request for reasonable accommodations do deal with the stress.

31.    In response to Plaintiff's challenge of whether he was randomly selected, Defendant provided evidence that they employed a third-party company to select employees at random.

32.    Although the third-party company selects employees at random, it is still left to the discretion of the Defendant as to when the randomly selected employees are notified of and instructed to take a drug test.

33.    Despite Plaintiff's name being selected by the third-party company in April of 2024, Defendant, in retaliation for Plaintiff's multiple complaints, chose him to be tested the next day he returned to work after he sent the June 5th email to Defendant's agents and/or employees.

34.    Defendant's conduct towards Plaintiff, specifically failing to reasonably accommodate Plaintiff's disability, materially changed Plaintiff's work conditions, thus ultimately causing him to seek alternative medical treatments to cope with the adverse working conditions.

35.    Defendant was on notice, or should have been on notice, of Defendant's agents and/or employees unlawful and retaliatory actions taken towards Plaintiff regarding his disability and failed to correct such unlawful and retaliatory actions of its agents and/or employees.

36.    Defendant's unlawful and retaliatory actions within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected rights under the ADA.

37.    Defendant facially neutral policies and procedures were applied in an unlawful and retaliatory manner towards the Plaintiff.

38.    As a result of Defendant's unlawful and retaliatory termination of Plaintiff's employment, Plaintiff has suffered economic loss, impaired reputation, financial and emotional distress, as well as attorney's fees and costs of litigation.

## FIRST CAUSE OF ACTION
### (ADA VIOLATION AND RETALIATION)

39.    Plaintiff repeats and realleges each and every allegation contained in Paragraph 1 through 38 of his Complaint.

40.    At all times complained of herein, Plaintiff was an employee of Defendant and suffered from a disability that substantially limited a major life activity, specifically Plaintiff's suffered from anxiety disorder which caused Plaintiff extreme difficulty completing his everyday tasks, including work tasks, due to stress and worry excessively, as well as experience increased anxiety when interacting with others.

41.    Plaintiff was disabled, Defendant had a record of Plaintiff's disability, and Defendant perceived Plaintiff to be disabled during his time of employment with Defendant.

42.    Defendant engaged in a practice of discrimination and retaliation, and discriminated and retaliated against Plaintiff in the terms and conditions of his employment on the basis of his disability in violation of the Americans with Disabilities Acts of 1990, as amended, 42 U.S.C. § 12112(a) et seq. ("ADAA").

43.    Defendant discharged and/or constructively discharged Plaintiff because of his disability, and/or because of the need to provide reasonable accommodations for his disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA; 42 U.S.C. § § 12112(a) and (b)(5)(A) and (B).

44.    Defendant discriminated against Plaintiff by taking adverse employment actions against Plaintiff because of his disabilities, and/or because of the need to provide reasonable accommodations for his disability, in violation of Section 102 (a) and 102(b)(5)(B) of the ADA. 42 U.S.C. § 12112(a) and (b)(5)(B).

45.     Defendant has engaged in unlawful employment practices, in violation of Section 503 of the ADA, 42 U.S.C. § 12203 by retaliating against Plaintiff for his complaints about workplace conditions and requesting reasonable accommodations of additional leave or extended leave, and/or a reduction in workplace duties.

46.     Defendant's ADA violation and retaliation against Plaintiff cause harm such that each is entitled to damages pursuant to 42 US.C. § 1981(a).

47.     The effects of the practices complained of have caused Plaintiff now to suffer and will continue to suffer irreparable injury and impairments to reputation, financial and emotional distress, lost wages and incur attorney fees and costs as a result of Defendant's discriminatory and retaliatory practices unless and until this Court grants relief.

## FOR A SECOND CAUSE OF ACTION
### (Wrongful Termination – Policy Violation)

48.     Plaintiff repeats and realleges each and every allegation contained in Paragraph 39 through 47 of his Complaint.

49.     Plaintiff was wrongfully terminated from his employment with Defendant on the basis of a purported violation of the Defendant's Drug Free Workplace Policy.

50.     As mentioned above, Defendant's Drugfree Workplace Policy prohibits the use of illegal drugs and has a stated purpose of maintaining a drug-free environment.

51.     Aside from the results of Plaintiff's retaliatory drug test, Defendant failed to provide any other violations of the Drugfree Workplace Policy.

52.     Additionally, Plaintiff provided information to establish that the supplements which resulted in the positive test were not an illegal drug and were purchased legally in South Carolina.

53.     Plaintiff's termination was unlawful and Defendant's purported lawful reason for terminating Plaintiff was false and the violated the laws of South Carolina.

54.     The Defendants are liable for all damages suffered by the Plaintiff that were incurred by these violations alleged herein as it directly and proximately caused the same.

55.     As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered and is entitled to lost wages, back pay, front pay, lost benefits, embarrassment, humiliation and emotional distress.  Plaintiff is further entitled to an award of reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for judgment, as determined by a jury, against the Defendants with all lost earnings, benefits, back pay and front pay and other damages alleged therein and caused thereby.  Plaintiff also prays for the reasonable attorney's fees and costs associated with these claims; as well as, any and all remedial action as justice requires.

Respectfully Submitted:

DUFF | FREEMAN | SEIBERT, LLC

By: *s/William C. Freeman*
    William C. Freeman, Esq., (SC Bar #11906)
    P.O. Box 1486
    Columbia, SC  29202
    Telephone: (803) 790-0603
    Facsimile: (803) 790-0605
    wfreeman@dfs-lawfirm.com

Attorneys for Plaintiff Richard Kenny Reese

May 17, 2024
Columbia, South Carolina